United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DIMDIM, INC, et al.,

    Plaintiffs,

v.

RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,

    Defendant.
_____/

No. C 12-3403 RS

**ORDER GRANTING MOTIONS TO STAY PROCEEDINGS AND DENYING MOTION TO STRIKE, WITHOUT PREJUDICE**

Pursuant to Civil Local Rule 7-1(b), Plaintiffs' motion to stay proceedings, and Defendant's motion to strike are suitable for disposition without oral argument, and the hearing set for January 24, 2013 is vacated. The motion to stay will be granted, and the motion to strike will be denied without prejudice to it being renewed in the event the stay is lifted and this litigation goes forward.

This action grows out of a matter brought in the Central District of California entitled *Richard A. Williamson, on behalf of and as Trustee for At Home Bondholders' Liquidating Trust v. Citrix Online LLC et. al.,* Case No. 2:11-cv-02409-AHM-JEM ("the *Citrix* action"). Dimdim, Inc., plaintiff here, was originally named as a defendant in the *Citrix* action. After being dismissed from that action on the basis of improper joinder, Dimdim brought this declaratory relief action regarding the same patent.

Judgment has since been entered in the *Citrix* action under a claims construction that may be case dispositive here, but which is currently on appeal. The parties are in general agreement that under these circumstances, this action should be stayed, pending the outcome of that appeal. Defendant, however, argues that his pending motion to strike should be decided prior to imposition of the stay.

Defendant's motion, while labeled solely as a motion to strike, invokes both Rule 12(b)(6) and Rule 12(f) of the Federal Rules of Civil Procedure. Technically, it seeks to *dismiss* Dimdim's third claim for relief, and to strike the corresponding "affirmative defense" pleaded in Dimdim's response to defendant's counterclaims. The claim for relief and the affirmative defense both allege the patent in suit is unenforceable due to inequitable conduct before the USPTO by the named inventor, Alfred Sallette, "and/or his patent prosecution counsel." Defendant contends that the allegations far fall short of the applicable standards for pleading inequitable conduct, particularly in light of *Therasense, Inc. v. Becton, Dickinson and Co*., 649 F.3d 1276 (Fed. Cir. 2011).[1]

Defendant argues that the sufficiency of Dimdim's allegations should be adjudicated at this juncture because those allegations essentially charge non-parties Sallette and his patent prosecution counsel, Brian M. Hoffman, with dishonesty and illegal conduct. Defendant contends the "unfounded and deficient allegations unfairly drag [Sallette and Hoffman] into this matter and unjustifiably impugn their character." Even assuming defendant is correct that Dimdim has not alleged sufficient facts to state a viable inequitable conduct claim, and even assuming that no facts exist that could be alleged to cure the defect, defendant's characterization of the burden imposed by the mere existence of the pleading is greatly overstated. Particularly if Dimdim's pleading is as devoid of facts as defendant claims, it is not reasonable to assume that any person reading it would conclude that Sallette and Hoffman are necessarily, or even likely, guilty of inequitable conduct. Additionally, while the *Therasense* court identified many negative consequences that can result from allowing weak inequitable conduct claims to be litigated, none of those concerns will arise

---

[1] Although *Therasense* did not involve pleading standards *per se*, the court decried the fact that "allegations of inequitable conduct are routinely brought on 'the slenderest grounds,'" and proceeded to "tighten[] the standards for finding both intent and materiality in order to redirect a doctrine that has been overused to the detriment of the public." *Id.* at 1289-90.

2

during the time this action is stayed. Finally, given that there appears to be a non-trivial possibility that this litigation will never go forward, it would be a poor use of judicial resources to render what ultimately could be no more that an advisory opinion on the sufficiency of Dimdim's allegations.

Accordingly, the motion to stay these proceedings is granted. The motion to strike is denied, without prejudice to its renewal in the event the stay is ever lifted. The parties shall file joint status reports every 120 days until such time as this action is dismissed or there are grounds to lift the stay.

IT IS SO ORDERED.

Dated: 1/22/13

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

3